UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN M. GIBSON** | * | **CIVIL ACTION** |
| | * | |
| **VS.** | * | **NO.: 15-0662** |
| | * | |
| | * | **SECTION B(5)** |
| **OCEAN SHIPHOLDINGS, INC.** | * | |
| | * | **JUDGE LEMELLE** |
| *   *   *   *   *   * | * | |
| | | **MAGISTRATE NORTH** |

**ANSWER OF OCEAN SHIPHOLDINGS, INC.**

NOW INTO COURT, through undersigned counsel, comes Ocean Shipholdings, Inc. ("Ocean Shipholdings"), named Defendant in the above-styled civil action, and makes this its Answer to the Complaint of Jonathan M. Gibson:

**FIRST DEFENSE**

The Complaint fails to state a claim against Ocean Shipholdings upon which relief can be granted.

**SECOND DEFENSE**

In response to the numbered paragraphs contained in plaintiff's Complaint, Ocean Shipholdings alleges and avers upon information and belief as follows:

I.

The allegations of paragraph 1 of the Complaint are jurisdictional in nature and therefore do not require a response. If a response were required, Ocean Shipholdings would deny the allegations contained in Paragraph I of the Complaint.

II.

Ocean Shipholdings denies the allegations of Paragraph II of the Complaint.

III.

Ocean Shipholdings admits that the Plaintiff was employed in the capacity of steward baker and was assigned to work on the USNS WATKINS.  Ocean Shipholdings denies the remaining allegations contained in Paragraph III of the Complaint.

IV.

Ocean Shipholdings admits that on or about 28 April 2013, Plaintiff was serving aboard the USNS WATKINS as steward baker and was engaged in the performance of his duties.  Ocean Shipholdings denies the remaining allegations contained in Paragraph IV of the Complaint.

V.

Ocean Shipholdings denies the allegations contained in Paragraph V of the Complaint.

VI.

Ocean Shipholdings denies the allegations contained in Paragraph VI of the Complaint.

VII.

Ocean Shipholdings denies the allegations contained in Paragraph VII of the Complaint.

VIII.

Ocean Shipholdings denies the allegations contained in Paragraph VIII of the Complaint.

\*     \*     \*

The remaining allegations of the Complaint, including the prayer for relief, are denied.

### **THIRD DEFENSE**

Plaintiff was not injured as alleged and has not suffered the damages and/or disabilities claimed herein.

**FOURTH DEFENSE**

Plaintiff's injuries and damages, if any, were proximately caused, in whole or in part, by Plaintiff's own negligence, which serves to bar or mitigate his recovery, if any.

**FIFTH DEFENSE**

Plaintiff's injuries and damages, if any, were the result of an unavoidable accident or one occurring without negligence.

**SIXTH DEFENSE**

Plaintiff's injuries and damages, if any, were the result in whole or in part of pre-existing and/or subsequently occurring conditions, injuries, illnesses, or diseases for which Ocean Shipholdings is not legally responsible.

**SEVENTH DEFENSE**

Plaintiff's injuries and damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or by instrumentalities not under the control of Ocean Shipholdings and for which Ocean Shipholdings is not legally responsible.

**EIGHTH DEFENSE**

Plaintiff's injuries and damages, if any, were the result of open and obvious conditions and/or risks assumed by the Plaintiff.

**NINTH DEFENSE**

To the extent the condition(s) complained of by Plaintiff existed at all, which is denied, it would have been open, obvious, known to and avoidable by Plaintiff in the exercise of reasonable care if reasonably competent in the performance of his duties.

**TENTH DEFENSE**

Plaintiff's alleged injury and damages, if any, were proximately caused, in whole or in

part, by his own failure to follow safe work practices and/or failure to employ proper work procedures or techniques.

### ELEVENTH DEFENSE

The vessel and its equipment were in such condition that an experienced worker, in the same and similar position as Plaintiff, and exercising reasonable care, should have been able to carry out his activities and/or operations aboard the USNS WATKINS with reasonable safety.

### TWELFTH DEFENSE

The court lacks personal jurisdiction over Ocean Shipholdings.

### THIRTEENTH DEFENSE

Plaintiff failed to mitigate his own damages, if any.

### FOURTEENTH DEFENSE

Plaintiff is not entitled to recovery of non-pecuniary damages herein as a matter of law.

### FIFTEENTH DEFENSE

Plaintiff is not entitled to recovery of punitive damages herein as a matter of law.

### SIXTEENTH DEFENSE

The court lacks subject matter jurisdiction.

### SEVENTEENTH DEFENSE

To the extent Plaintiff is asserting claims under the general maritime and admiralty law of the United States, Ocean Shipholdings cannot be held liable herein

### EIGHTEENTH DEFENSE

Ocean Shipholdings pleads the benefits, limitations, and protections of the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918, inclusive.

### NINETEENTH DEFENSE

Ocean Shipholdings pleads the benefits, limitations, and protections of the Public Vessels Act, 46 U.S.C. §§ 31101-31113, inclusive.

### TWENTIETH DEFENSE

Venue is improper herein under applicable law.

### TWENTY-FIRST DEFENSE

Ocean Shipholdings is not a necessary, proper or indispensable party herein and should be dismissed.

<div style="margin-left: 3em;">

Respectfully Submitted:

MURPHY, ROGERS, SLOSS, GAMBEL
 & TOMPKINS

 /s/  Peter B. Tompkins
Peter B. Tompkins  (#17832)
ptompkins@mrsnola.com
Tarryn E. Walsh  (#36072)
twalsh@mrsnola.com
One Shell Square, Suite 400
701 Poydras Street
New Orleans, LA  70139
Telephone:  504/523-0400
Facsimile:  504/523-5574
*Attorneys for Ocean Shipholdings, Inc.*

</div>

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 25 March 2015, a copy of the foregoing pleading was sent to all counsel of record, either by operation of the Court's CM/ECF system, by hand, by e-mail, by telefax or by placing same in the United States mail, properly addressed, and first class postage prepaid.

 /s/  Peter B. Tompkins