UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN M. GIBSON                              CIVIL ACTION

VERSUS                                          NUMBER: 15-0662

OCEAN SHIPHOLDINGS, INC.                        SECTION: "B"(5)

## ORDER AND REASONS

Before the Court is a Motion for Leave to File First Amending Complaint filed by Plaintiff, Jonathan M. Gibson ("Gibson"). (Rec. doc. 12). That motion is opposed by Defendant, Ocean Shipholdings, Inc. ("OSI"). (Rec. doc. 17). The Court held oral argument on the motion July 29, 2015 and took the matter under advisement. (Rec. doc. 18). Considering the pleadings, the law and the argument of counsel, the Court rules as follows:

I.   The Substance of the Proposed Amendment

This case began with the filing of a garden-variety, four-page "Seaman Complaint" in which Gibson seeks relief under the Jones Act for personal injuries allegedly suffered in the service of the vessel, USNS WATKINS. (Rec. doc. 1). Defendant answered, pleading, in part, the benefits, protections and limitations of the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918 ("SAA"), and the Public Vessels Act, 46 U.S.C. §§ 31101-31113 ("PVA"). (Rec. doc. 5). The Defendant seeks the protection of these statutes primarily because the vessel upon which Gibson was allegedly injured was a United States Navy vessel operating overseas.

Following the filing of OSI's answer, on April 16, 2015, the District Judge entered a scheduling order setting a deadline of May 18, 2015 for amendments to pleadings. (Rec. doc. 8). The very next document filed in the record was a motion for summary judgment

filed by OSI on June 8, 2015.  (Rec. doc. 9).  After seeking and receiving a continuance of the hearing date on that motion, Gibson filed the instant motion for leave to file his first amended complaint.[1]

The proposed amended complaint, if allowed, would effect two notable changes to the case.  First, it seeks to substitute a new entity – Ocean Ships, Inc. – for the current Defendant, Ocean Shipholdings, Inc. on the grounds that the latter "was simply a misnomer for the true party."[2]  (Rec. doc. 12-6 at p. 2).  Second, it seeks to add a claim or claims against the United States under the SAA and PVA.  (*Id.*).

Defendant's rather brief opposition to Gibson's motion for leave essentially focuses on the futility of the proposed amendment under FRCP 15(a) and is properly distilled as follows:

> Because there is no basis whatsoever in law for plaintiff to sue Ocean Ships, Inc., the contract operator of a public vessel, and because any suit against the United States in this case would have to be filed in the Southern District of Alabama, plaintiff's Opposed Motion for Leave to File First Amending Complaint should be denied.

(Rec. doc. 17 at p. 2).[3]

As noted, the Court heard oral argument on the motion and questioned counsel for both parties on their respective arguments.

II.     Applicable Law

Pertinent to the present motion are Rules 15 and 16 of the Federal Rules of Civil Procedure.  Rule 15(a) provides that a party may amend its pleading once without seeking

---

[1] Gibson's motion for continuance was unopposed by OSI.  (Rec. doc. 10).
[2] In his memorandum in support, Plaintiff states that, in naming OSI as the lone defendant, he was "merely mistaken as to the name of the proper defendant. . . ."  (Rec. doc. 12-1 at 4).
[3] OSI also incorporated by reference all of its arguments set forth in its pending motion for summary judgment as to the current claims by Plaintiff against it.  The Court need not and will not detail those here.

leave of court or the consent of the adverse party before a responsive pleading is served. Fed. R. Civ. P. 15(a). Once a responsive pleading is served, the party may amend only "with the opposing party's written consent or the court's leave." *Id.* Although a court should freely give leave when justice so requires, leave to amend is not automatic. *In re Southmark Corp.*, 88, F.3d 311, 314-15 (5th Cir. 1996), *cert. denied sub nom.* 519 U.S. 1057, 117 S.Ct. 686 (1997). In deciding whether to grant such a motion, the Court considers such factors as "undue delay, bad faith or dilatory motive … undue prejudice to the opposing party, and futility of [the] amendment." *Id*.

Rule 16 applies when the motion for leave to amend comes after the Court's deadline for amending pleadings and states that scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists to amend the scheduling order, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003)(internal quotation and footnote omitted).

Although neither party addressed the issue in brief, because the motion for leave was filed after the deadline for amendments to pleadings set by the District Judge, the Court must first determine whether an amendment of the scheduling order is appropriate under Rule 16's "good cause" standard. *See id.* at 546–47. Only if Gibson demonstrates good cause to extend the deadline for amendments should the Court turn to determining whether to allow the filing of the amended complaint under Rule 15(a). *Mobius Risk Group, LLC v. Global Clean Energy Holdings, Inc.*, No. 10-CV-1708, 2011 WL 2193294 at *3 (S.D. Tex.

June 6, 2011)(citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).

At the hearing on the motion, the Court questioned counsel for Plaintiff as to the first two factors of the Rule 16 inquiry. Counsel explained convincingly that external personal factors beyond his control were the leading reason for the delay in seeking leave to amend. He likewise gave convincing arguments as to the importance of the amendment, which in the Court's view are rather apparent on the face of the complaint and in the body of the motion for leave. Defense counsel graciously conceded that any prejudice his client may suffer as a result of the proposed amendment would not be the result of the lateness of the effort. These factors, combined with the clear fact that this litigation is in its early stages, convinces this Court that good cause has been established to amend the scheduling order. Accordingly, the Court now turns to whether, under Rule 15's "freely given" standard, the proposed amendment should be allowed.

As noted above, pursuant to Rule 15(a), the Court here should consider such factors as "undue delay, bad faith or dilatory motive ... undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d at 314–15. On this record, the Court cannot say there that has been <u>undue</u> delay and there certainly is no evidence of bad faith or dilatory motive. As to undue prejudice to the opposing party, it is non-existent here, as the only party opposing the motion is OSI, for which Plaintiff seeks to <u>substitute</u> a different party. Where the effect of the amendment will be the disappearance of the current Defendant from the litigation, there is no undue prejudice to that party.[4]

---

[4] The Court is not ignoring the fact that the party proposed to be substituted is clearly related to the current Defendant, but that entity has not made an appearance, special or otherwise, to oppose Plaintiff's amendment here.

That leaves only the "futility" analysis.  To determine "futility," the Fifth Circuit applies "'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000)(quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3rd Cir. 2000)).  Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 1965-66 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009).  While it is true that there is an early-filed motion for summary judgment pending on the claims against the original Defendant, OSI, it is not altogether clear on the present record that no claim could be stated against either of the proposed new Defendants.  On this question, OSI, in its brief, five-page opposition memorandum, mostly relied by reference on its summary judgment motion, which addresses only the claims against the <u>current</u> defendant, OSI.[5]  With no discovery having been conducted and no Rule 12(b)(6) motion having been filed, the record is simply too bare at this stage for the Court to conclude that the proposed amendment would be futile.

---

[5] The Court notes that, as to the proposed claims against the United States, OSI merely argues that they belong in a different venue and does not present any authority for the notion that they would be barred outright in this venue or that this perceived deficiency could not be remedied by a transfer of the claims to the proper venue.

5


Accordingly, having already found good cause to amend the scheduling order under Rule 16, the Court finds under Rule 15(a), which requires that "the court should freely give leave where justice so requires," that Plaintiff's motion for leave to amend his complaint should be and is hereby granted.

New Orleans, Louisiana, this 4th day of August, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE